Yes, thank you, Your Honor. Alan Yockelson on behalf of petitioner Stephanie Lazarus. This case presents, as always, the age-old question of what can appellate counsel say in 10 minutes that hasn't been said in 100 pages of briefing. But I have no fear that if the court has any particular questions, it will soon guide me to that. But in the absence of a question, I would begin by noting that it is appellant's position that the last and only reasoned decision in this case was the written decision of the Los Angeles Superior Court. And when that decision is examined under 2254 D1 and 2, it is clear that the Superior Court in the applied Mavosco as well as unreasonably applied the facts in this case. Now, this is not my first time dealing with pre-accusation delay in cold cases emanating out of California. And there's a formula that is always argued in those cases. The defense almost always only argues the matter under People v. Nelson and the negligence standard that's applied in state court. And the district attorney or the attorney general, if on appeal, always comes back and says, no, you have to apply the intentional standard of Lovasco and Marion. But what they also do and which both the Superior Court bought in this case is that they graft on the requisite or alleged requisite intentionality of gaining a tactical advantage. And as we pointed out in our briefs, there is no case that stands for that proposition. That language arose in a session by the state in, I believe, Marion. And it has been echoed ever since. But it's just simply wrong. And this circuit has said that it's wrong. Counsel, you started out with saying that you think the last reason decision is the Superior Court decision. But why isn't the California Court of Appeals decision the last reason decision? When it cited Duvall, it was suggesting the absence of a prima facie case in its summary denial, even taking as true the allegations of intentional cover-up to protect Lazarus and the LAPD. Well, and the reason it's not is because for the reasons that Justice Scalia mentioned in his concurring opinion is that it really tells us nothing. Duvall can mean many things in many instances. And we can't divine what it meant in this case. What we do know is that the Superior Court was very clear in its reasoning and its analysis of the writ petition. And so when that is the case, the jurisprudence says that one looks through that pro forma decision or summary disposal by an intermediate or high court and looks to, again, the last reasoned decision. And reasoned means that it addresses the merits of the case. And Duvall doesn't really address that in this context. And I would also add that it complicates matters here because I'm sure this court is aware that in California, a petitioner has no rights to discovery until an order to show cause is issued. And so in this instance, petitioner brought forth all of the available evidence to present her claim of intentional delay via cover-up by the LAPD from the available public resources. But as the court also is aware from the briefing, there were matters that are only attainable in detail through the use of a subpoena and subpoena power, especially with regard to the complaint that the Rasmussens, the parents of the murder victim, have filed with Los Angeles Police Department. And that evidence suggests, as the record in this case suggests, that as soon as the day after the murder in this case, the parents were asking the police unerringly to please investigate petitioner or appellant in this case as the former girlfriend. And as we have pointed out, not only were there entreaties to the police ignored, they were met with belligerence to an extent that really frightened the parents in this case. So to suggest that Duval in this instance meant that there wasn't a prima facie case, it certainly flies in the face of the way the trial court treated it in its decision. And again, I think that the jurisprudence here teaches that in this type of summary denial, even with the case citation, you look through that to what is indeed the last reasoned and only reasoned decision in this case. And again, if the court gets to that point where it then looks at the merits of the superior court decision, then I think it's really clear on the record that the court unreasonably applied Lovasco by requiring an element of tactical advantage be proven. I mean, that gets into the subjective mindset and would be almost nearly impossible to prove in all but maybe the rarest instances. And I think it is also an unreasonable application of facts in this case for the superior court to have concluded that there weren't facts to suggest a cover-up when there was more than enough to at least survive summary judgment in the civil court, and to at least put the court on notice that a prima facie case had been made such that in order to show cause in an evidentiary hearing... I was assuming, and I'm just assuming for purposes of this question, that there was an intentional lapse of the 23 years delay. How is your counsel prejudiced by it? I mean, your client. I'm sorry. I don't understand the direct appeal from that because there was a finding that regardless of how minimal the court might have assessed that prejudice, the court noted that there were three instances of prejudicial effect to the delay. There was possible third party culpability evidence that was lost. There was the inability to interview witnesses who would have noticed whether a petitioner had any injuries on her the day after the murder. There was missing gunshot residue kits. And then there was difficulty in establishing the type of ammunition that the Los Angeles... And just memory loss, loss of evidence in other cases does not necessarily constitute actual prejudice. Well, I guess I am not aware what would be actual prejudice in light of what the court is saying here. I mean, I would cite the court to Holmes versus South Carolina, which was a DNA case and a third party culpability case. And the U.S. Supreme Court reversed in that matter, not allowing third party culpability evidence, even in light of DNA evidence that seemingly linked the defendant to the crime. I see my time is up. I know I had reserved, but I'm sorry. I just went over 10 minutes is rather short, but thank you. I'll give you a minute of rebuttal if you want it at the end. Thank you. Ms. Inberg. Yes, good morning. May it please the court. Deputy Attorney General Kristen Inberg on behalf of Respondent. The California Court of Appeals habeas denial of petitioner's due process claim was reasonable under AEDPA because petitioner has not shown that she was actually prejudiced as a result of the 23 year delay. Between her murder of Sherry Rasmussen and the charges brought against her. First, contrary to petitioners urging the California Court of Appeal habeas denial is the operative decision for purposes of federal federal review under AEDPA, not the Superior Court habeas denial federal habeas courts apply at the deference to the last reason state court adjudication on the merits of the claim. As your honor, as noted, the California Court of Appeal denied petitioner's habeas petition for failure to demonstrate entitlement to the requested relief. This is an independent independent adjudication on the merits. The court explicitly stated why it was denying the petition and as your honor noted, it also cited the California Supreme Court case of people be devolved, which indicates that the court denied the petition for failure to establish a prima facie case for relief. So does it really matter in this decision in this case, which decision we're looking at? Don't they essentially both say the same thing? No, I don't believe they say they say the same thing. The California Court of Appeal decision was denied as a prima facie denial, meaning that taking all of the assertions as true. There was a failure to make a claim for relief in the Superior Court decision. There was a finding that she did not prove intentionality of a cover up and that there was no prejudice. So here, because the California Courts Court of Appeal denial is the last reason decision, that is the one that gets at the deference, not the Superior Court denial. And that's the one that we should be looking looking to hear. That denial was reasonable. As counsel has spoken about, Lovasco and Marion are the controlling Supreme Court cases, but the Court of Appeal here did not unreasonably apply the due process principles from those cases. As your honors have noted, under both cases, in order to prevail on a due process claim, the petitioner must establish non-speculative actual substantial prejudice. Petitioner has failed to do so here. Petitioner has not identified any specific or definitive evidence that was lost due to the delay that meaningfully impacted her ability to present her defense. She has not identified the loss of any witness or evidence prejudiced her case. What petitioner does identify is the Superior Court findings of pre-trial and a motion to dismiss that there was plausible minimal prejudice due to the loss of four pieces of evidence. But as the Court has noted, that was minimal plausible prejudice. That is not sufficient to prove actual prejudice, which is the requirement under Lovasco and Marion. So the Court of Appeal denied the petition reasonably on that basis alone. Counsel, there does appear to be some evidence, the Rasmussen lawsuit and the Francis lawsuit, that the police, the original police officers investigating the scene were told by the Rasmussen's, at least, that they should look into the girlfriend and they didn't do so. What's the explanation for that? The record shows that in the Superior Court of pre-trial, that this was raised before the trial court, the Superior Court, and the Rasmussen's did tell the police officers, I mean, the LAPD detectives, that the victim had had an encounter with the husband's ex-girlfriend. So all of that came out in the Superior Court motion to dismiss. Why she wasn't investigated by the detectives at that time is unknown. It's not clear from the record why that, why that doesn't say anything. The record doesn't say anything about it? About why she was not investigated? No, it does not say anything. Why the LAPD disregarded the suggestion that it could be one of their fellow officers? Well, I don't know if the record shows that they disregarded it. What it does show is that the theory at the time was that it was a botched burglary that went wrong. And in fact, it was Petitioner that helped that theory come along because the scene was staged to look like a botched burglary. So what it appears is that the theory was that it was a botched burglary and that was a theory that the LAPD ran with. Well, but how is that different than what Judge Wardlaw is really asking? Because I don't think it's disputed, unless I'm misunderstanding the record, that the deceased's parents did give this other information. So is the answer we don't know why it wasn't followed up on? According to the record, we don't know why it wasn't followed up on. But the theory was that it was a burglary. So at the time, a reason could be that the police simply didn't believe that it had any validity, which at the most shows maybe a lapse in investigative judgment. But that's not the claim on appeal here. The claim is intentional cover-up. So even if that did happen, that doesn't show intentional cover-up. I'm not suggesting otherwise, counsel. I'm just, you seem to be drawing a distinction. And I don't mean to split hairs. You seem to be drawing a distinction where Judge Wardlaw asked you about why they disregarded. And I think you've answered the question. But it seems uncontested. They didn't follow up. They were given this report of this concern. They didn't follow up. And in hindsight, there isn't an explanation for why they failed to do that. I would agree with that reading of the record. Okay. Coming back to Lovasco, which is the controlling case here, that case instructs courts to weigh the prejudice of the delay against the reasons for that delay, taking into consideration the fundamental conceptions of justice and the community's sense of fair play and decency. There's not only no prejudice, Petitioner has not proven her allegation that the delay was due to this intentional cover-up. Rather, what the record demonstrates is that the delay was due to the inability to test the DNA from the bite mark Petitioner left on the victim at the time of the crime. And it was the advancements in this science that solved the crime in 2009. Prosecution, after such an investigative delay based off of DNA, does not offend the fundamental conceptions of justice. The murder of Sherry Rasmussen was solved by DNA evidence, and it was the advancements in that science that led the police to charge Petitioner with the murder 23 years later. Petitioner was not prejudiced by this delay. Rather, she remained free from custody for over 20 years after committing murder. The Court of Appeal reasonably reject this claim on habeas review.  Has any further questions of respondent? I would ask that the district court's judgment be affirmed. Right. Thank you, counsel. Mr. Yockelson, you can have a minute for rebuttal. Thank you, Your Honor. So the answer to Judge Waldlauer's question to the state would best be answered by an 23-year delay. And counsel's mention of the issue being raised at pretrial doesn't explain the prior 23 years between 1986 and 2009. And I would also point out that counsel has just suggested that the reason for the delay might have been the advent of DNA testing technology. Well, there was no evidence of when that technology became available. But the record is very clear that there were two swabs taken of that bite mark at the time of the original murder in 1986. And absent anything in the record to suggest that DNA testing wasn't available until 2009 is mere speculation. And I think, again, at the end of the day, most of the questions that the court has on the underlying claims can and should be answered in the context of an evidentiary hearing. Thank you, Your Honors. All right. Thank you, counsel. Lazarus v. Core will be submitted.
judges: WARDLAW, CHRISTEN, SUNG